# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cv-401-JDR-MTS

Kyle Layer; Melonie Welch,

*Plaintiffs*,

*versus*

State Farm Fire and Casualty Company; Rhett Minson Agency, Inc.; Johnathon Rhett Minson,

*Defendants.*

## OPINION AND ORDER

    After their home was damaged by a tornado, Plaintiffs Kyle Layer and Melonie Welch reported their loss to their insurance provider and obtained an estimate indicating it would cost $404,025.48 to return their home to its pre-loss condition. When Plaintiffs' insurer, Defendant State Farm Fire and Casualty Company, did not cover the full cost of repair, Plaintiffs sued State Farm and its agents, Johnathon Rhett Minson and the Rhett Minson Agency, in the District Court of Rogers County, Oklahoma. Dkt. 2-2. State Farm removed the action, arguing the Agency and Mr. Minson were fraudulently joined. Dkt. 2. After removal, Defendants filed separate motions to dismiss [Dkts. 8, 11], and Plaintiffs moved to remand the case to state court arguing that this Court lacks jurisdiction to resolve Plaintiffs' claims [Dkt. 17]. For the reasons set forth below, the Court concludes that Plaintiffs lack viable claims against Mr. Minson and the Rhett Minson Agency, who are fraudulently joined. The Court therefore denies Plaintiffs' motion to remand. The Court grants Defendants' motions to dismiss.

No. 25-cv-401

I

Plaintiffs' state-court petition asserts claims arising under Oklahoma law against State Farm and its soliciting agents, Johnathon Rhett Minson and the Rhett Minson Agency. Plaintiffs allege that the Rhett Minson Agency[1] breached its contractual obligation to properly assess the condition of Plaintiffs' home and determine whether any exclusions were present that would limit Plaintiffs' insurance coverage; negligently procured coverage for Plaintiffs even though their home did not meet State Farm's underwriting guidelines for that coverage; and fraudulently induced Plaintiffs to pay for insurance coverage for which their home did not qualify. *See* Dkt. 2-2. They also claim that State Farm breached its contractual obligations and its duty of good faith and fair dealing by refusing to pay for and approve costs it should have paid under Plaintiffs' policy.[2]

Because Plaintiffs' claims arise under state law, this Court may only exercise jurisdiction if there is complete diversity between the Plaintiffs and all Defendants and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (recognizing that "[c]omplete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant"). Plaintiffs' petition establishes that their claim exceeds the amount-in-controversy requirement [Dkt. 2-2 at 25],[3] but it fails to demonstrate that complete diversity is present: Plaintiffs and Defendant State Farm are citizens of different states (Oklahoma and Illinois, respectively), but Mr. Minson and the Agency are, like Plaintiffs, citizens of Oklahoma. *Id.* at 2-3.

---

[1] At the hearing, the parties agreed the claims against Mr. Minson, in his individual capacity, should be dismissed.

[2] Plaintiffs also asserted a fraud claim against State Farm, but they conceded to the dismissal of that claim.

[3] All citations use CM/ECF pagination.

No. 25-cv-401

The fact that Plaintiffs, Mr. Minson, and the Agency are citizens of the same state would ordinarily necessitate remand, but State Farm argues that this Court should disregard the claims against the non-diverse Defendants because they are fraudulently joined. *See generally* Dkt. 2. The doctrine of fraudulent joinder permits a court to disregard the citizenship of a non-diverse party where the moving party demonstrates either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). A party urging that a defendant was fraudulently joined bears the "heavy" burden of proving one of these two requirements, even when "all factual and legal issues [are] resolved in favor of the [non-moving party.]" *Id.* (quoting *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (2d Cir. 1998)).

State Farm argues that the doctrine of fraudulent joinder is applicable here because Plaintiffs have no possibility of establishing a viable cause of action against the Agency. Dkt. 2 at 2-3.[4] Specifically, State Farm contends that (1) Plaintiffs cannot prevail on their breach-of-contract claim because their own allegations show the Agency procured the insurance policy they requested; (2) for the same reason, Plaintiffs cannot prevail on their negligent procurement claim; and (3) Plaintiffs cannot prevail on their claim for fraud because the Agency's representations regarding the policy it obtained were true and did not damage Plaintiffs. *Id.* at 3-12.

When evaluating whether a plaintiff can assert a cause of action against a nondiverse party, this Court must ask whether there exists "a reasonable basis to believe the plaintiff might succeed in at least one claim against the

---

[4] Because Plaintiffs conceded that they have no claims against Mr. Minson in his individual capacity, the Court considers only their claims against the Agency for purposes of evaluating the motion to remand.

No. 25-cv-401

non-diverse defendant." *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished). This does not mean that the plaintiff must be absolutely certain to recover; so long as the plaintiff's claim has "a basis in the alleged facts and the applicable law," a "reasonable basis" for recovery will be found to exist. *Id.*

This is not the first lawsuit involving claims for breach of contract, negligent procurement, and fraud against an insurance agent who allegedly failed to confirm that no exclusions, preexisting conditions, or other factors would preclude an insured party from receiving the full value of his insurance policy. This and other courts within the Tenth Circuit—including, most notably, the Western District of Oklahoma—have issued numerous opinions on this very issue. *E.g., Wilder v. State Farm Fire & Cas. Co.*, No. CIV-25-00092-JD, 2025 WL 2918045 (W.D. Okla. Oct. 14, 2025); *Hall v. State Farm Fire & Cas. Co.*, No. CV 25-00012-JD, 2025 WL 2905205 (W.D. Okla. Oct. 13, 2025). These opinions are far from uniform, with some judges finding that Oklahoma law does not countenance these claims, and others permitting plaintiffs to pursue claims against agents who obtain insurance policies that, at a later time, fail to fulfill the insureds' expectations. *Compare Wilder*, 2025 WL 2918045, at *3-*4 (dismissing claims for constructive fraud and negligent misrepresentation against insurance agent), *and Hall*, 2025 WL 2905205, at *4-*5 (finding the plaintiff failed to show a reasonable basis for claims of negligent procurement, negligent misrepresentation, and constructive fraud against the insurance agent), *with Wedin v. Allstate Vehicle & Prop. Ins. Co.*, No. 23-cv-0348-CVE-SH, 2023 WL 6806995, at *4 (N.D. Okla. Oct. 16, 2023) (concluding the plaintiffs had a "viable avenue for recovery" against an agent who failed to appraise a roof's condition before procuring an insurance policy).

The Court has reviewed the cases on both sides of the split and holds that Plaintiffs do not have a reasonable basis for recovering against the Agency on any of their claims. For their breach-of-contract and negligent-

4

No. 25-cv-401

procurement claims,[5] Plaintiffs allege that the Agency "offered to procure" insurance "to the specific and certain breadth" they requested but breached its implicit promise to assess their home and determine its eligibility for coverage, evaluate applicable exclusions, and determine whether Plaintiffs' policy would meet their needs. Dkt. 2-2 at 12-16. Plaintiffs argue that the Agency's failures caused them to pay inflated premiums for a policy that did not provide the coverage they required. *Id.* at 7. Defendants, in response, argue that the Agency provided the "exact policy requested" and that State Farm's refusal to honor that policy (whether properly or improperly) does not give rise to a claim against the Agency. Dkt. 22 at 15-16.

Defendants' position is the correct one. To prevail on a claim based on negligent procurement under Oklahoma law, a plaintiff must "show that the insurance agent agreed to procure insurance coverage effective as of a certain date and time, or of a certain breadth, *and then failed to do so.*" *Swickey v. Silvey Companies*, 1999 OK CIV APP 48, ¶ 9, 979 P.2d 266, 268 (emphasis added). Oklahoma courts have expressly declined to impose liability where an agent is charged with failing to advise an insured as to his insurance needs rather than failing to provide the type and breadth of coverage requested. *See Cosper v. Farmers Ins. Co.*, 2013 OK CIV APP 78, ¶ 8, 309 P.3d 147, 149. Plaintiffs' claims fall in the former category, not the latter, because Plaintiffs acknowledge that they requested—and obtained—a replacement policy. *See* Dkt. 2-2 at 6-8. Plaintiffs' claim is not that the Agency failed to obtain the coverage requested, but that the coverage they obtained was ultimately insufficient for their purposes. *Id.* This claim is not cognizable under Oklahoma law. *See Cosper*, 2013 OK CIV APP 78, ¶ 9, 309 P.3d at 149 (affirming order dismissing claims where the plaintiffs did not allege that the defendants

---

[5] The parties agree that these two claims arise out of the same conduct. *See* Dkt. 17 at 17-19 (acknowledging that both claims arise out of the Agency's alleged failure to exercise reasonable care in procuring Plaintiffs' insurance policy); Dkt. 22 at 13-14 (asserting that both claims fail for the same reasons).

No. 25-cv-401

disregarded a request for a specific coverage limit and did not allege that the agent "played any part in setting a coverage limit").

Plaintiffs have not pointed this Court to any Oklahoma precedent that would permit an insured to recover against an insurance agent based on the failures alleged in their petition, including the failure to conduct an inspection, identify applicable exclusions, or determine whether a particular policy met the insured's needs. Absent Oklahoma case law to the contrary, the Court concludes, for substantially the same reasons set forth in *Wilder* and *Hall*, that Plaintiffs do not have a reasonable basis to pursue a breach-of-contract or negligent procurement claim against the Agency. *See Wilder*, 2025 WL 2918045, at *3-4 (finding no basis for recovery due to the agent's alleged failure to perform inspections, disclose pre-existing damages, and procure a policy that provided the requested coverage where the plaintiff did not "provide a legal basis under Oklahoma law" that its agent had a duty to perform those acts, and where the alleged damage resulted from the adjuster's assessment, not the type of coverage provided); *Hall*, 2025 WL 2905205, at *4-7 (same).

Plaintiffs have also failed to set forth a reasonable basis to pursue a fraud claim against the Agency. Plaintiffs allege that the Agency falsely represented that (1) the insurance policy "provided full replacement cost coverage sufficient to restore Plaintiffs' Home to its pre-loss condition," (2) the Home "met State Farm's underwriting standards and conditions for eligibility," and (3) the "coverage and annual premium increases were based on accurate assessments of the Home's value and condition." Dkt. 2-2 at 23. The first two statements do not support a claim for relief because Plaintiffs have not pointed to any damages caused by those representations. *See Silk v. Phillips Petroleum Co.*, 1988 OK 93, ¶ 12, 760 P.2d 174, 177 (recognizing that a plaintiff must show, among other things, that he acted in reliance on a fraudulent statement "and thereby suffered detriment" to prevail on a fraud claim). Plaintiffs requested, and were told they were eligible for, a replacement coverage

No. 25-cv-401

policy; and Plaintiffs admit they received the type of policy they requested. *See* Dkt. 2-2 at 8, 12-13, 15. Although State Farm later determined (allegedly incorrectly) that some of the damages Plaintiffs suffered were the result of preexisting conditions, that decision does not negate the fact that Plaintiffs *actually received* their requested coverage. Plaintiffs' own allegations therefore establish that "any alleged representations about the property's eligibility for replacement cost coverage, satisfaction of the underwriting guidelines, or coverage values were either true or not the cause of [their] damage." *Cisneros v. State Farm Fire & Cas. Co.*, No. CIV-25-42-R, 2025 WL 1841864, at *2 (W.D. Okla. July 2, 2025) (declining to remand where the plaintiffs requested and obtained a replacement-cost policy because the insurer's "interpretation of the policy and its claims handling practices," not the agent's alleged misrepresentations, were the cause of the plaintiffs' injuries).

The third allegedly false statement also fails to support a fraud claim. Plaintiffs allege that the Agency falsely represented that Plaintiffs' coverage and premium increases were "based on accurate assessments of the Home's value and condition." Dkt. 2-2 at 23. Plaintiffs argue that, as a result of these false representations, they paid too much for a policy that did not provide them with the coverage they asked for. Once again, Plaintiffs' claim is premised upon State Farm's failure to satisfy Plaintiffs' claim under the policy and is "essentially the same one noted above as to whether the policy was illusory." *Marino v. State Farm Fire & Cas. Co.*, No. CIV-22-0885-HE, 2023 WL 11915691, at *4 (W.D. Okla. Aug. 7, 2023). Their claim "is unavailing" because Plaintiffs paid for—and received—"a policy providing coverage based on full replacement value." *Id.* State Farm's allegedly improper refusal to honor that policy, not the Agency's statement, is the cause of Plaintiffs' injury.

Plaintiffs do not have a colorable claim against the Agency or Mr. Minson. The Court may, therefore, disregard those Defendants for purposes of determining jurisdiction. When the Agency and Mr. Minson are excluded,

No. 25-cv-401

there is complete diversity between Plaintiffs and State Farm, the sole remaining defendant. Jurisdiction over Plaintiffs' claims is therefore proper under 28 U.S.C. § 1332, and Plaintiffs' motion to remand [Dkt. 17] is denied.

## II

Having determined that the Court may exercise jurisdiction over Plaintiffs' claims, the Court now turns to Defendants' motions to dismiss. The Court grants the motion filed by the Agency and Mr. Minson [Dkt. 11] based on the parties' agreement that Plaintiffs do not have a claim against Mr. Minson individually and for the reasons discussed in Section I, *supra*. The Court likewise grants State Farm's partial motion to dismiss the fraud claim against it because Plaintiffs stipulated to the dismissal of that claim. Dkts. 8, 19.

## III

Defendants' motions to dismiss [Dkts. 8, 11] are granted. Plaintiffs' claims against the Agency and Mr. Minson are dismissed with prejudice; their claims against State Farm are dismissed without prejudice. Plaintiffs' motion to remand [Dkt. 17] is denied. This case will proceed with respect to Plaintiffs' remaining claims against State Farm.

DATED this 2nd day of February 2026.

_____
JOHN D. RUSSELL
*United States District Judge*